UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| EZRA MAIZE and ) | |
| JAMES HORTON, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No.: 3:09-CV-81 |
| ) | (VARLAN/SHIRLEY) |
| WALDEN SECURITY a/k/a ) | |
| METROPOLITAN SECURITY ) | |
| SERVICES, INC. and ) | |
| SHANER TRADE CENTER HOTEL ) | |
| ASSOCIATES, L.P. d/b/a ) | |
| CHATTANOOGA MARRIOTT HOTEL ) | |
| AND CONVENTION CENTER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on defendant Walden Security a/k/a Metropolitan Security Services, Inc.'s ("Walden Security's) Motion to Dismiss [Doc. 3] and defendant Shaner Trade Center Hotel Associates, L.P. d/b/a Chattanooga Marriott Hotel and Convention Center's ("Shaner's") Motion to Dismiss [Doc. 26]. Plaintiffs have filed responses in opposition to both motions to dismiss [Docs. 13, 29]. Walden Security and Shaner have filed replies to those responses [Docs. 17, 30]. The motions to dismiss are now ripe for this Court's consideration.

**I. Background**

Plaintiffs filed the original complaint in this case on February 27, 2009 [Doc. 1]. They filed their first amended complaint on May 22, 2009 [Doc. 12]. They filed a second amended complaint on October 2, 2009 [Doc. 23].

In the second amended complaint, plaintiffs allege as follows: plaintiffs are both black males [Doc. 23, ¶ 2]. Both are residents of Knox County, Tennessee [*Id.*]. Defendant Shaner is a company organized to do business in Tennessee [*Id.*, ¶ 3]. Shaner is the parent company of the Chattanooga Marriott Hotel and Convention Center, located at Two Carter Plaza, Chattanooga, Tennessee 37402 [*Id.*]. Walden Security is a corporation with its offices in Chattanooga [*Id.*, ¶ 5]. Walden Security contracted to provide security services for the Chattanooga Marriott [*Id.*].

On or about February 29, 2008, plaintiffs registered as guests and paid for rooms at the Chattanooga Marriott [*Id.*, ¶ 6]. Plaintiffs were staying in Chattanooga to participate in a church revival in South Pittsburg, Tennessee [*Id.*]. Plaintiff Ezra Maize, a pastor in Knoxville, was the guest speaker at the revival [*Id.*].

Plaintiffs decided to find something to eat after the revival, which concluded late in the evening [*Id.*, ¶ 7]. Plaintiffs returned to the Marriott in the early morning [*Id.*, ¶ 8]. Prior to their attempt to enter the hotel, plaintiffs observed several other persons, all white, who were admitted to the hotel without being stopped by the hotel security guard [*Id.*, ¶ 9]. When plaintiffs attempted to enter the hotel, they were stopped by the security guard, a white male employee of Walden Security [*Id.*, ¶ 10]. The security guard asked plaintiffs to show him

their room keys prior to being admitted to the hotel, explaining that it was hotel policy to ask to see room keys after 11:00 p.m. [*Id.*]. Plaintiffs declined to show the security guard their room keys, and the security guard denied them admittance [*Id.*, ¶ 11].

Plaintiff Maize requested to speak with the manager on duty [*Id.*, ¶ 12]. The night manager, a white female, stated that it was not hotel policy to require persons to show room keys prior to being admitted into the hotel after a certain hour of the day [*Id.*]. Plaintiff Maize asked the security guard why he continued to harass plaintiffs; the security guard replied, "[B]ecause you look like drug dealers, and there are a lot of drug dealers roaming around in this area this time of night" [*Id.*, ¶ 13]. Plaintiffs were then admitted to the hotel to stay the night [*Id.*, ¶ 14].

On the basis of these allegations, plaintiffs bring three claims: race discrimination under 42 U.S.C. §§ 1981 and 2000a; a violation of the Equal Protection Clause of the Fourteenth Amendment; and a civil rights violation under Tenn. Code Ann. §§ 4-21-501 and 38-1-502 [*Id.*, ¶¶ 15-27]. Plaintiffs request a judgment in the amount of $1.75 million plus attorney's fees [Doc. 23].

Walden has moved to dismiss the complaint because plaintiffs have failed to state claims upon which relief can be granted; because the Court lacks personal jurisdiction over Walden Security; and because the Court lacks subject matter jurisdiction to hear this dispute

[Doc. 3].[1] Walden Security moves in the alternative for a change of venue to Chattanooga. or dismissal of the case on the grounds of improper venue [Doc. 3].

Similarly, Shaner has moved to dismiss the complaint because plaintiffs have failed to effect timely service of process upon Shaner; because plaintiffs have failed to state claims upon which relief can be granted; and because this Court lacks subject matter jurisdiction to hear this dispute [Doc. 26]. Shaner has also incorporated Walden Security's venue arguments into its own motion to dismiss [*Id.*].

The Court has carefully considered the underlying motions in light of the applicable law. For the reasons that follow, the Court will deny Walden Security's motion to dismiss as moot in light of the filing of plaintiffs' amended complaints. The Court will grant Shaner's request for a change of venue to Chattanooga. In light of the change of venue, the Court declines to rule upon the issues that remain in Shaner's motion to dismiss.

**II. Analysis**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Consideration of a motion to transfer to another division in the same district may be initiated upon motion by a party to the litigation. § 1404(b). In making the transfer determination, the Court must decide (1) whether the action could have

---

[1] Walden Security's personal jurisdiction objection is based on its argument for dismissal on the grounds that service of process was insufficient [Doc. 3]. Walden Security later filed a motion striking this ground from its motion to dismiss and memorandum of law in support of its motion to dismiss [Doc. 15].

been brought in the proposed transferee division; (2) whether a transfer would promote the interests of justice; and (3) whether a transfer would serve the parties' and the witnesses' convenience. *IFL Group, Inc. v. World Wide Flight Servs.*, 306 F. Supp. 2d 709, 712 (E.D. Mich. 2004). *See also Moore v. Rohm & Haas Co.*, 446 F.3d 643, 647 n.1 (6th Cir. 2006) (quoting *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991)) ("In ruling on a motion to transfer under § 1404(a), a district court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses," along with "public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice'").[2] While a plaintiff's choice of forum is generally entitled to "substantial consideration" in balancing the § 1404(a) factors, *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008), it is well settled that the venue determination rests within the sound discretion of the district judge to whom the petition for change of venue is addressed, and should not be set aside absent an abuse of that discretion. *Nicol v. Koscinski*, 188 F.2d 537, 538 (6th Cir. 1951); *McCuiston v. Hoffa*, 313 F. Supp. 2d 710, 719 (E.D. Mich. 2004)).

---

[2] A threshold question in § 1404(a) cases is whether the transferor court has personal jurisdiction over the parties. *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993). Walden Security's initial assertion that this Court lacked personal jurisdiction over it on the grounds of insufficiency of service of process has since been mooted by Walden Security's withdrawal of its service of process argument, *see* Doc. 15. And to the extent Shaner's motion to dismiss raises a timeliness of service of process issue, the Court does not consider that issue relevant to whether this Court may exercise personal jurisdiction over Shaner in order to effect a transfer of venue. *See Henderson v. United States*, 517 U.S. 654, 669-70 (1996) ("[T]he prescription governing time for service [in Fed. R. Civ. P. 4] is . . . a nonjurisdictional rule governing 'practice and procedure' in federal cases . . . [it] is properly regarded as a matter discrete from a court's jurisdiction to adjudicate a controversy . . . against a particular individual or entity.").

The parties do not dispute that the action could have been brought in the United States District Court for the Eastern District of Tennessee, Southern Division, the proposed transferee division. In support of its argument that a transfer would promote the interests of justice, and would serve the convenience of the parties and the witnesses, defendant Shaner contends that the incident giving rise to this litigation occurred in Chattanooga; that the Chattanooga division will be more convenient for the majority of potential witnesses in this case, including the security guard identified in the complaint and other Marriott employees; and that Chattanooga has a greater interest in hearing this case than does Knoxville, because the incident occurred in Chattanooga.[3] Plaintiffs respond that a change of venue is inappropriate because plaintiffs live in Knox County; because the identity of the witnesses is not certain at this time; and because it would be easier for defendants, as corporate entities, to bear the cost of travel than plaintiffs [Doc. 13].

The Court finds that a transfer of venue to Chattanooga would be appropriate in this case. The incident giving rise to the litigation occurred in Chattanooga. *See Audi AG v. D'Amato*, 341 F. Supp. 2d 734, 751 (E.D. Mich. 2004) (quoting *Laitram Corp. v. Hewlett-Packard Co.*, 120 F. Supp. 2d 607, 609 (E.D. La. 2000)) ("A 'fundamental principle' guiding the Court's analysis is that 'litigation should proceed in that place where the case finds its

---

[3] These are the reasons offered by Walden Security in its memorandum of law in support of its motion to dismiss which, as indicated, Shaner incorporated into its own motion to dismiss.

center of gravity.'"). While plaintiffs reside in Knox County, all or nearly all of defendants' witnesses will be from Chattanooga. *See Audi AG*, 341 F. Supp. 2d at 750 ("A plaintiff's chosen forum . . . is not sacrosanct, and will not defeat a well-founded motion for change of venue."); *see also id.* (quoting *McNic Oil & Gas Co. v. Ibex Res. Co.*, 23 F. Supp. 2d 729, 739 (E.D. Mich. 1998)) ("[F]ederal courts have considered convenience of the witnesses to be 'probably the most important factor . . . in passing on a motion to transfer under 28 U.S.C. § 1404(a).'"). Thus, because the incident at issue occurred in Chattanooga, and because the majority of the witnesses and other sources of proof will be from Chattanooga, the Court finds a transfer to Chattanooga to be appropriate. *See Brown v. United Radio, Inc.,* No. 3:06-CV-441, 2007 U.S. Dist. LEXIS 44889, at *9-12 (E.D. Tenn. June 20, 2007) (transferring case to the United States District Court for the Eastern District of Kentucky, where events giving rise to the litigation occurred in Kentucky, and where all witnesses apart from the plaintiffs themselves were located in Kentucky).

### III. Conclusion

For the reasons above, defendant Walden Security's Motion to Dismiss [Doc. 3] will be denied as moot without prejudice to refile. Defendant Shaner's Motion to Dismiss [Doc. 26] will be granted in part, to the extent Shaner requests a change of venue to the United States District Court for the Eastern District of Tennessee, Southern Division. Defendant Shaner's motion to dismiss shall remain pending with respect to the remaining arguments in

that motion. This case will be transferred to the United States District Court for the Eastern District of Tennessee, Southern Division.

An order reflecting this opinion will be entered.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE